IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 09-315 |
| | ) | See Civil Action No. 11-407 |
| WILLIAM ARTHUR BISHOP, | ) | |
| | ) | |
| Defendant/petitioner. | ) | |

O R D E R

AND NOW, this 11th day of April, 2012, upon consideration of Petitioner's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 33)[1], filed in the above captioned matter on March 29, 2011, and upon further consideration of the Government's response thereto (Doc. No. 37), filed on May 24, 2011, and Petitioner's reply to the Government's response (Doc. No. 38), filed on March 28, 2012,

IT IS HEREBY ORDERED that said Motion is DENIED.

I. **Background**

On November 19, 2009, a one-count indictment was returned by the Grand Jury charging Petitioner with bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. No. 11). On December 15, 2009, Petitioner pled guilty, and on April 7, 2010, the Court

---

[1] Petitioner did not file a memorandum in support of his motion.

1

sentenced him to a term of imprisonment of 188 months to be followed by a three-year term of supervised release. (Doc. Nos. 20, 30). Petitioner did not directly appeal his sentence. On March 29, 2011, Petitioner, acting <u>pro se</u>, filed the present motion pursuant to 28 U.S.C. § 2255.[2] (Doc. No. 33).

## II. Discussion

<u>Pro se</u> pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Holley v. Department of Veterans Affairs</u>, 165 F.3d 244, 247 (3d Cir. 1999). However, even a <u>pro se</u> plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." <u>Haines</u>, 404 U.S. at 520-21 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

---

[2] On March 30, 2011, in accordance with <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), the Court issued an Order advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist. With that in mind, Petitioner was ordered to advise the Court as to how he wished to proceed in this case, specifically, whether he wished to have his motion ruled upon as filed and lose the ability to file successive petitions absent Third Circuit certification, or whether he wished to withdraw the motion and file one all-inclusive Section 2255 petition within the one-year statutory period of the AEDPA. On May 2, 2011, Petitioner filed a response which was deemed non-responsive to the Court's order instructing him to advise the Court how he wished to proceed. (Doc. No. 35). Given Petitioner's failure to appropriately respond, the Court assumed that Petitioner wished to proceed on his motion as originally filed. (Doc. No. 36).

2

Petitioner brings his pro se motion pursuant to 28 U.S.C. § 2255. This statute permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). An evidentiary hearing is not required on a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Petitioner's motion is based solely on his contention that he was sentenced unlawfully as a career-offender. He argues that the predicate offenses used to trigger the enhancement were improperly construed as separate sentences. As noted above, Petitioner failed to raise this claim on direct appeal.

It is well-established that a petitioner procedurally defaults on a claim if "he neglected to raise [it] on direct appeal." Hodge v. United States, 554 F.3d 372, 379 (3d Cir. 2009). This is because "Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." United States v. Cepero, 224 F.3d 256, 267 (3d Cir.

3

2000) (citing Reed v. Farley, 512 U.S. 339, 348 (1994)); see also United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) ("[Section] 2255 is no longer a necessary stand-in for the direct appeal of a sentencing error because full review of sentencing errors is now available on direct appeal.").

It is clear that arguments that could have been raised on direct appeal may not be raised in a Section 2255 motion unless the petitioner can either demonstrate both cause and prejudice, or a fundamental miscarriage of justice. Leyva v. Williams, 504 F.3d 357, 366 (3d Cir. 2007); see also Bousley v. United States, 523 U.S. 614, 622 (1998); Essig, 10 F.3d at 979 (holding that the cause and prejudice standard of United States v. Frady, 456 U.S. 152, 167-68 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed").

In order to excuse a procedurally defaulted claim based on cause and prejudice, the petitioner "must show 'some objective factor external to the defense [that] impeded ... efforts to comply with the ... procedural rule.'" Leyva, 504 F.3d at 366 (quoting Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir. 2004)). "The petitioner must typically show actual innocence" to show a fundamental miscarriage of justice. Leyva, 504 F.3d at 366.

Petitioner does not argue his actual innocence and he has failed to establish any objective factor external to his

4

defense that prevented him from raising this claim on direct appeal, stating only that his counsel told him that he "had no chance for an appeal."[3] Plaintiff's Motion to Vacate (Doc. No. 33 at 5). Furthermore, Petitioner cannot establish prejudice, as his objection regarding the application of the career-offender enhancement was raised by his attorney at the time of sentencing and was specifically addressed and resolved by the Court in its tentative findings. (Doc. No. 25).

Consequently, the Court finds that Petitioner's claim is procedurally defaulted and that he has failed to meet his burden of demonstrating a legally sufficient excuse for the default. As such, the Court will not address the merits of his claim. See Sweger v. Chesney, 294 F.3d 506, 520 (3d Cir. 2002) ("Federal courts may not hear claims that have been procedurally defaulted unless petitioner can meet his burden to excuse the default.").

III. **Conclusion**

For all of the above-stated reasons, Petitioner's motion is denied in its entirety.[4] Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the

---

[3] The Court notes that Petitioner has not raised a claim of ineffective assistance of counsel.

[4] An evidentiary hearing is not necessary because the record conclusively shows that Petitioner is not entitled to relief under

5

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right and a certificate of appealability should not issue in this action.

                                      s/Alan N. Bloch
                                      United States District Judge

ecf:      Counsel of record

cc:       William Arthur Bishop, #06978-068
           USP Lee
           P.O. Box 305
           Jonesville, VA 24263

---

Section 2255. See Brown v. United States, 556 F.2d 224, 227 (3d Cir. 1977).