IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA </br></br> vs. </br></br> WILLIAM ARTHUR BISHOP, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> )  Criminal No. 09-315 </br> ) </br> ) </br> ) </br> ) </br> ) |

ORDER

AND NOW, this 15th day of February 2023, upon consideration of the Motion for Release/Reduction in Sentence pursuant to CARES and/or First Step Act (Doc. No. 51) filed *pro se* by Defendant, William Arthur Bishop, in the above-captioned matter on May 27, 2022,[1]

IT IS HEREBY ORDERED that the motion is DENIED.

On December 15, 2009, Defendant pleaded guilty to having violated 18 U.S.C. § 2113(a) (Bank Robbery). (Doc. No. 20). On April 7, 2010, he was sentenced to a 188-month term of imprisonment and three years' supervised release. (Doc. Nos. 30, 31). Defendant has served most of his sentence and is scheduled for release on May 5, 2024. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 13, 2023). Now before the Court is Defendant's Motion for Release/Reduction in Sentence. (Doc. No. 51).[2] Therein Defendant has primarily argued for a reduction of his term of imprisonment to care for his aging parents, who he alleges are in poor health. (Doc. No. 51). He has also argued his rehabilitation and conditions

---

[1] The Court has also considered the Government's Response in Opposition (Doc. No. 56), Defendant's Response (Doc. No. 57), the Government's second Response in Opposition (Doc. No. 63), and Defendant's Reply (Doc. No. 64).

[2] Defendant is unrepresented and therefore entitled to a liberal construction of the motion. *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

at his Bureau of Prisons ("BOP") facility justify a favorable determination of his motion.[3] As explained herein, the Court has determined that Defendant has failed to prove a reduction of his term of imprisonment is warranted; accordingly, the Court will deny the motion.

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). A limited exception to this general rule is authorized by Section 3582(c)(1)(A) which permits a "reduc[tion of] the term of imprisonment" beings served by a defendant if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," a court finds that "***extraordinary and compelling reasons*** warrant such a reduction." *Id.* § 3582(c)(1)(A)(i) (emphasis added).[4] These motions are commonly known as "compassionate release" motions. *United States v. Andrews*, 12 F.4th 255, 257—58 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022). A request for compassionate release pursuant to Section 3582(c)(1)(A) may be brought before the courts in a motion filed by the BOP Director on a defendant's behalf. 18 U.S.C. § 3582(c)(1)(A). Or a defendant may file his own compassionate release motion after "the lapse of 30 days from the receipt of such a request by the warden" at his BOP facility. *Id.*

---

[3] Though Defendant has requested relief pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act (Doc. No. 51), the Court has construed his motion as a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (hereinafter "compassionate release motion") because "a district court does not have authority under the CARES Act to order the BOP to alter a defendant's location of confinement." *United States v. Banks*, No. 2:15-CR-00168, 2020 WL 4820199, at *2 n.2 (W.D. Pa. July 30, 2020).

[4] The text of the statute also provides that a defendant may file a compassionate release motion after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf." *Id.* § 3582(c)(1)(A). However, most defendants seeking compassionate release before the Court exercise their option to file a motion after the lapse of thirty days.

Congress did not define "extraordinary and compelling reasons" except to dictate that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Congress delegated further description of "extraordinary and compelling reasons" to the United States Sentencing Commission (hereinafter "Sentencing Commission"). *Id.*; *United States v. Lindsay*, No. 3:13-CR-1, 2022 WL 1720458, at *3 (W.D. Pa. May 27, 2022). The Sentencing Commission provided a definition in the United States Sentencing Guidelines (hereinafter "the Guidelines") at U.S.S.G. § 1B1.13 cmt. n.1. Therein the Sentencing Commission explained that certain "(1) medical conditions, (2) complications in old age, (3) family circumstances, and (4) 'other reasons' as determined by the Director of the [BOP]" constituted "extraordinary and compelling reasons." *Andrews*, 12 F.4th at 258 (citing U.S.S.G. § 1B1.13 cmt. n.1). Because Section 3582(c)(1)(A) requires that any reduction of a term of imprisonment be "consistent with applicable policy statements issued by the Sentencing Commission," courts were bound by the Sentencing Commission's extraordinary-and-compelling-reasons definition in the Guidelines.

However, since Section 3582(c)(1)(A) was amended by the First Step Act (2018), the United States Court of Appeals for the Third Circuit has held that the Guidelines definition of "extraordinary and compelling reasons" "is not applicable—and not binding—for courts considering prisoner-initiated motions." *Andrews*, 12 F.4th at 259 (citing cases).[5] The Guidelines definition continues to provide "guidance," *id.* at 260, and, of course, the courts'

---

[5] The Sentencing Commission recently released proposed amendments to its description of "extraordinary and compelling reasons" that would reflect Section 3582(c)(1)(A) as amended by the First Step Act. *Proposed Amendments to the Sentencing Guidelines*, USSC (Feb. 2, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230201_RF-proposed.pdf. At present, the Sentencing Commission is receiving public comment on the proposed amendments. *Id.*

3

discretion is bound by the ordinary meaning of the statutory text. *United States v. Somerville*, 463 F. Supp. 3d 585, 595—96 (W.D. Pa. 2020). Accordingly, a reduction of a term of imprisonment is only warranted if the reasons presented by the defendant are "extraordinary" and "compelling," that is, "***unusual*** (*i.e.*, unique to the inmate, and beyond the ordinary hardship of prison) and ***significant*** (*i.e.*, serious enough to make release appropriate)." *Id.* at 596. Defendants bear the burden of proving such reasons exist to justify their requested relief. *United States v. Grasha*, 489 F. Supp. 3d 403, 406 (W.D. Pa. 2020) (explaining that the movant "bears the burden of proof by a preponderance of the evidence"); *United States v. Wilder*, No. CR 03-72, 2021 WL 1224531, at *3 (W.D. Pa. Apr. 1, 2021) (explaining that the defendant's burden of proof includes a burden of production insofar as he must produce evidence of his alleged extraordinary and compelling reasons).

Pursuant to this standard, Defendant has failed to prove there are extraordinary and compelling reasons that warrant a reduction of his term of imprisonment.[6] Defendant's first proposed reason for a reduction of his term of imprisonment is that his parents require his assistance. (Doc. Nos. 51, 57, 64). Defendant has alleged his parents are now in their seventies, his mother suffers from Stage 4 Kidney Disease, and his father has a bad back which makes it difficult for him to provide adequate care to Defendant's mother. (Doc. No. 51). Defendant has

---

[6]     Defendant's satisfaction of Section 3582(c)(1)(A)'s procedural requirement is now uncontested. Initially, Defendant failed to allege or show he presented a compassionate release request to his warden at least thirty days before he filed his motion. As one would expect, the Government opposed the motion solely on account of Defendant's failure to exhaust his request with the BOP. (Doc. No. 56, pg. 3). Defendant promptly responded to that argument by submitting an "Inmate Request to Staff Response" wherein his warden acknowledged receipt of a January 7, 2021, "request for Compassionate Release/Reduction in Sentence (RIS)." (Doc. No. 57). Because this request had been filed more than thirty days before Defendant filed his compassionate release motion before the Court (May 27, 2022), the Government has now conceded that Defendant "exhausted his internal BOP remedies." (Doc. No. 63, pg. 3).

further alleged that his younger brother previously cared for their parents, but that his brother died in an accident at just twenty-five years old. (Doc. Nos. 51, 64). In addition to this primary basis for his motion, Defendant has also alleged he has completed "many self[-]help programs" and is rehabilitated. (Doc. Nos. 51, 64). In furtherance of his rehabilitation argument, Defendant has explained that his poor choices in the past were largely due to addiction. (Doc. No. 51). And, finally, Defendant has argued that a reduction of his term of imprisonment is warranted in part because COVID-19 safety measures imposed by the BOP have made the last several years of imprisonment especially difficult. (Doc. Nos. 51, 64).[7]

Having considered Defendant's proposed reasons for a reduction of his term of imprisonment, the Court has determined that these reasons are not extraordinary and compelling. The Court can certainly conceive of circumstances where a defendant's intent to care for his parent(s) could be found to be an extraordinary and compelling reason warranting reduction of a term of imprisonment. Such a proposed reason is like other family circumstances described in the now-advisory Guidelines' definition of extraordinary and compelling reasons, *e.g.*, the "death or incapacitation of the caregiver of the defendant's minor child" and the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available

---

[7] Defendant appeared to include an additional reason in his compassionate release request to his warden, that reason being his health risk associated with COVID-19. (Doc. No. 57). He has not presented any health problems for the Court's consideration but, even if he had, his argument would be undermined by his COVID-19 vaccination records (Doc. No. 63, Ex. 2, pg. 2 (showing third dose of COVID-19 Pfizer-BioNTech vaccine was administered)) and his representation/records showing he suffered only mild symptoms when he contracted the virus (Doc. Nos. 51, 63). *See Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021) (explaining the absence of "imminent danger of serious physical injury" for purposes of 28 U.S.C. § 1915(g) due, in part, to the availability of COVID-19 vaccines).

caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C)(i)—(ii).[8] But, in this case, Defendant has not produced any evidence to show his parents require care,[9] nor evidence to prove he is the only available caregiver.

The addition of Defendant's other proposed reasons for a reduction of his term of imprisonment fails to make his circumstances extraordinary and compelling. Defendant's rehabilitation—which may *only* be found to be extraordinary and compelling in combination with other reasons, 28 U.S.C. § 994(t)—does not show the "remarkable degree of change" that tends to "weigh in favor of granting [a] compassionate release motion." *United States v. Blair*, No. CR 09-134, 2022 WL 2953146, at *3 (W.D. Pa. July 26, 2022); *United States v. Northcutt*, No. CR 04-72, 2021 WL 615207, at *4 (W.D. Pa. Feb. 17, 2021) (finding extraordinary and

---

[8]    The Court acknowledges there is some division among district courts with regard to compassionate release motions filed by defendants who express intent to care for a parent. Some courts have found a defendant son or daughter who is the "only available caregiver" for his or her "incapacitated parent" is sufficiently similarly situated to defendants intending to care for their minor children or an incapacitated spouse/partner that extraordinary and compelling reasons are present to justify a reduction of the term of imprisonment. *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) ("When a defendant is the 'only available caregiver' for an incapacitated parent (perhaps a more unique occurrence given that inmates may have siblings or other family members able to care for their parents), then, it is likewise an 'extraordinary and compelling' reason warranting compassionate release."); *United States v. Shovely*, No. 7:15-CR-00105, 2021 WL 667906, at *3 (W.D. Va. Feb. 19, 2021) (finding no qualifying extraordinary and compelling justification for a sentence reduction where the movant failed to demonstrate he was the "only available caregiver" for his parents). Other courts have been more reticent to find that a defendant's intent to care for "elderly, sick, and/or infirm parents" is extraordinary and compelling because having aging parents is a circumstance many federal inmates likely share. *United States v. Hird*, No. 3:08-CR-195-HLA-PDB-2, 2021 WL 1814726, at *3 (M.D. Fla. May 6, 2021); *United States v. John*, No. 15 CR 208 (CM), 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020) (describing a defendant's inability to care for aging parents as not extraordinary and compelling, but "merely" one of "the inevitable circumstances families face when a family member is incarcerated").

[9]    Defendant provided his mother's name, address, and telephone number (Doc. No. 64), but no statements from her, his father, or any other individual regarding, *e.g.*, the necessity of care, his parents' alleged medical conditions, or the unavailability of other individuals to render appropriate care.

compelling reasons, in part, due to rehabilitation where the defendant had been "almost continuously engaged in education courses" for two years and had no apparent "disciplinary infractions"). Defendant's BOP disciplinary record shows that as recently as 2020 he was sanctioned twice, once for possession of an unauthorized item and another time for use of drugs/alcohol. (Doc. No. 63, Ex. 1). Accordingly, rehabilitation in this matter is not so significant as to be extraordinary and compelling when combined with Defendant's other proposed reasons for relief.

With respect to Defendant's final proposed reason for a reduction of the term of imprisonment—the effect of COVID-19 response measures on conditions at Defendant's BOP facility—the Court will not find such a reason to be extraordinary because this reason has affected all federal prisoners, *i.e.*, this reason is not unique to Defendant. *Somerville*, 463 F. Supp. 3d at 595—96 (explaining that "extraordinary" in Section 3582(c)(1)(A)(i) means a movant's proposed reason for relief must be unusual). For this and the foregoing reasons, the Court has determined that extraordinary and compelling reasons have not been proven in this matter. Because the Court has found there are no extraordinary and compelling reasons for a reduction of the term of imprisonment, the Court need not discuss how its consideration of applicable Section 3553(a) sentencing factors would have affected its consideration of the motion. *United States v. McNair*, 481 F. Supp. 3d 362, 370 (D.N.J. 2020) ("Because I find that 'extraordinary and compelling' reasons are not present here, I do not reach the second part of the analysis."). Accordingly, Defendant's compassionate release motion is denied.

s/ Alan N. Bloch
United States District Judge

cc: William Arthur Bishop, Reg. No. 06978-068
     FCI Schuylkill
     P.O. Box 759

Minersville, PA 17954-0759